## JOHN WILEY *vs.* HENRY D. HOYT.

Middlesex.  Jan. 28. — March 6, 1876.  COLT & ENDICOTT, JJ., absent.

The decree of a single justice of this court sitting in equity, upon a cause brought
   before him on a master's report, in which no error in matter of law appears, and
   the evidence is unreported, cannot be revised by this court upon the findings of the
   master on matters of fact.

BILL IN EQUITY, filed May 22, 1874, to settle a partnership
account between the plaintiff and defendant.   The bill alleged
that the parties formed a copartnership February 1, 1871, by a
written contract and dissolved it by mutual consent February 16,
1872, and set forth the articles of copartnership, which con-
tained the following agreement: " And said Wiley agrees to
pay said Hoyt on or before the first day of May next, the sum
of three hundred dollars, which sum the said Hoyt agrees to
apply when paid towards the reduction of a certain mortgage
for fifteen hundred dollars, this day given by said Wiley to
said Hoyt, conveying said Wiley's interest in said saw-mill,
site, privilege and machinery, and said Hoyt further agrees that
said sum of three hundred dollars, together with three hun-
dred dollars more to be furnished by said Hoyt, shall forthwith,
after such payment, be invested in new machinery, to be placed
and used in said saw-mill, and to be owned by said firm ; and
each of said parties shall devote and give all his time and atten-
tion to the business, and to the care and superintendence of the
same."

A master, appointed by the court to settle this account, made
a report, in which no evidence was reported, but found that the
plaintiff by reason of sickness was unable to give his persona.
attention to the business for a considerable time, and made an
allowance of $100 to the defendant therefor; that the plaintiff
drew out of the concern in cash $232, and allowed the defendant
" to draw out, to make equal with Wiley," a like amount; that
the sum of $300 mentioned in the article of copartnership above
should be both indorsed and credited to the plaintiff, and accord-
ingly charged the defendant with that amount.

This report of the master was accepted by the court; and the
defendant filed the following objections thereto :

1. An allowance is made by the master of $100 to the defendant Hoyt, for the services of one man during the sickness of the plaintiff Wiley, and charges him one hundred dollars to firm's general indebtedness.

2. The master finds that the sum of $232 was drawn out from the capital stock of said firm by Wiley; and the master charges the sum of money to the individual account of Wiley, and also in the general account of indebtedness of the firm.

3. The master finds by the articles of copartnership, that the sum of $300 paid by Wiley to Hoyt should be indorsed on a certain mortgage note given by said Wiley to said Hoyt for $1500, and also credited the same sum of $300 to said Wiley.

4. The master allows the sum of $300 paid by Wiley to Hoyt to be indorsed on a mortgage note given by Wiley to Hoyt for $1500; also credits the said sum to Wiley as capital paid into the firm, and charges the same to Hoyt in his individual account with the firm.

The case was recommitted to the master to inquire whether the $300 paid by the plaintiff was expended in the purchase of new machinery, and he, in a supplemental report, found that it was, together with a like sum paid in by the defendant, so expended.

At the hearing before *Wells*, J., on the master's report, the objections thereto and the supplemental report, a decree was entered for the plaintiff, for the amount found due with interest, upon the master's report; and the defendant appealed.

*C. W. Eaton & S. K. Hamilton,* for the plaintiff.

*E. A. Upton,* for the defendant.

MORTON, J. The defendant's exceptions to the master's report do not show that the master committed any error in matter of law, and as the evidence before him is not reported, we cannot revise his findings upon matters of fact.

1. The partnership continued about a year, and during a part of that time the plaintiff was sick. One of the questions before the master was what it was equitable that the plaintiff should allow to the defendant on account of the loss of his services by reason of this sickness. The master made up his account between the parties upon the basis that, as a fair equivalent for his services, one hundred dollars should be allowed to the firm.

The defendant contends that instead of allowing this amount to the firm, it should be allowed wholly to him. But this was purely a question of fact for the master to determine upon the evidence, and we cannot revise his finding upon it.

2. No error is shown in regard to the item of $232 referred to in the second exception. The master finds that Wiley drew out $232 "from the concern." In his statement of the account he allows Hoyt to retain from the partnership property the same amount to make him "equal with Wiley." The statement in the exception that the master "charges this sum of money to the individual account of said Wiley, and also in the general account of the indebtedness of the firm," is not supported by the facts. In the account, as stated by the master, Hoyt receives from the assets of the firm the same amount received by Wiley.

3. The only other exception argued is that to the finding of the master that the sum of three hundred dollars, paid in by and credited to Wiley as his share of the capital stock, was also to be indorsed on the mortgage.

The articles of copartnership provide that Hoyt shall apply this sum of $300, when paid, towards the reduction of the mortgage, and that "said sum of three hundred dollars, together with three hundred dollars more to be furnished by said Hoyt, shall forthwith after such payment be invested in new machinery to be placed and used in said saw-mill, and to be owned by said firm."

The mortgage was to be security for the three hundred dollars until it was paid, but the contract of the parties clearly provides that when paid it was to be the contribution of Wiley to the capital of the firm, and not a payment to Hoyt for his own benefit. The master rightly held that, as agreed by the parties, it was to be credited to Wiley as his contribution to the capital and indorsed on the mortgage.                    *Decree affirmed.*